**In the Matter of Paul Ryan GALEY, Debtor.**

**Bankruptcy No. 98–41491.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Feb. 8, 1999.

Robert Zipperer, Office of the Chapter 13 Trustee, Savannah, for Movant/ Plaintiff.

Mr. R. Wade Gastin, Savannah, for Respondent/Defendant.

### MEMORANDUM AND ORDER

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtor's Chapter 13 case was filed on May 18, 1998. Paragraph "8" of the plan provides in relevant part as follows:

> All timely filed and allowed unsecured claims of Unipac, which is a government guaranteed education loan, shall be paid pro-rata along with all other general unsecured claims, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. Sect. 523(a)(8), excepting the aforementioned education loan from discharge will impose an under [sic] hardship on the debtor. Confirmation of Debtor's plan shall constitute a finding to that effect and that said debt is discharged.

The case was scheduled for confirmation on October 27, 1998. The Chapter 13 Trustee objected to confirmation, arguing that the plan provision was impermissible under applicable law and rules. Confirmation of the plan containing that language, it was argued, would have the effect of determining a student loan obligation to be dischargeable, notwithstanding the absence of an adversary proceeding to determine dischargeability. The Trustee asserted that plan confirmation

is not a procedurally proper setting in which the Court can determine dischargeability.

■ Debtor's counsel contends that such a plan provision is permissible, citing Tenth Circuit authority to that effect. *See In re Andersen*, 215 B.R. 792 (10th Cir. BAP 1998). The question presented to the Court is therefore very narrow and straightforward. Can a Debtor obtain a determination of dischargeability by providing in the plan that a specified debt is discharged upon confirmation and after completion of all payments or must the Debtor file an adversary proceeding to seek that determination? For the reasons which follow, I hold that the Debtor may not obtain this relief pursuant to a plan provision, but must file an adversary proceeding.

First, requiring that a debtor file an adversary proceeding to determine dischargeability is in keeping with Eleventh Circuit precedent on the treatment of nondischargeable tax debts. The Eleventh Circuit has stated that confirmation of a plan under Chapter 11 does not fix liabilities of debts made nondischargeable by 11 U.S.C. § 523, relying in part on 1141(d)(2). *See In re Gurwitch*, 794 F.2d 584, 585 (11th Cir.1986). This case is particularly persuasive in light of a similar limitation on the scope of discharge found in Chapter 13. *See* 11 U.S.C. § 1328(a)(2) which expressly excludes student loans from discharge after completion of a Chapter 13 case. The Fifth Circuit also has found that a confirmed plan is not binding as a determination of tax debts. *In re Taylor*, 132 F.3d 256, 261 (5th Cir.1998). The *Taylor* court stated that "the filing of a plan does not generally initiate a contested matter with respect to a particular claim," because a plan is not a "vehicle through which objections are made." *Id.* at 261. Longstanding Fifth Circuit precedent also holds that a secured creditor's claim cannot be compromised by a confirmed plan unless an objection is filed to put the creditor on notice that his claim is at risk. *In re Howard*, 972 F.2d 639, 641 (5th Cir. 1992).

In light of these decisions, I find no defensible basis for allowing this plan provision to eviscerate the nondischargeable student loan when similar provisions are impermissible to erase nondischargeable tax debts. All of the opinions cited by Debtor in support of his position are founded upon an analysis of the *res judicata* effect of a confirmed plan. Here, however, the plan was objected to, confirmation is pending, and *res judicata* never became an issue. Debtor cites no authority for this Court to base a holding that such a provision is permissible at the time of confirmation.

■ Second, the plan is inconsistent with the spirit and purpose of the Code. Mandatory and permissive contents of a Chapter 13 plan are found in 11 U.S.C. § 1322. Section 1322(b) contains a non-exclusive list of plan provisions which are permissible. A plan provision discharging Debtor's student loan debts because they impose an undue hardship on a debtor is not among those listed in Section 1322. Admittedly, the *Andersen* case relied upon by the Debtor observed that Chapter 13 "imposes very few mandatory requirements as to the contents of a plan" and concluded that Congress intended debtors to have flexibility in dealing with their creditors. I do not disagree with that general proposition. Yet, because 11 U.S.C. § 1322 contains neither mandatory nor permissive inclusion of such a provision in the plan, it alone does not provide any guidance on this issue.

■ In contrast, Bankruptcy Rule 7001 provides as follows:

> An adversary proceeding is governed by the rules of this Part VII. It is a proceeding . . . (6) to determine the dischargeability of a debt . . .

Clearly, the Rules contemplate that determinations of dischargeability are within the scope of adversary proceedings. The inclusion of the specific mention of dischargeability in Rule 7001 strongly suggests that the omission of dischargeability determinations from 1322 was not accidental. Rather, the omission, read together with Rule 7001, constitutes a clear recognition that determinations of dischargeability cannot be obtained by simply inserting a provision to that effect in a Chapter 13 plan.

Third, due process is not satisfied by discharging this debt through a plan provision. The Code requires that notice be given be-

fore a plan can be confirmed. 11 U.S.C. § 1324. That notice must be "appropriate in the particular circumstances." 11 U.S.C. § 102(1). I find that in these circumstances, where the debtor seeks to discharge a debt, which is expressly excluded from the Chapter 13 discharge, mere insertion of a provision in the plan changing that result requires the safeguards of Part VII of the Federal Rules of Bankruptcy Procedure.[1] Such notice has not been afforded in this case.

## ORDER

The provision of Debtor's Chapter 13 plan which purports to discharge Debtor's student loan debts is impermissible under Title 11 and the Bankruptcy Rules. Confirmation of Debtor's Chapter 13 plan is therefore denied. 11 U.S.C. § 1325(a)(1). Debtor is permitted ten (10) days from entry of this Order to file a modified plan or the case will be dismissed. 11 U.S.C. § 1307(c)(5).

1. Rule 7001 provides that "[a]n adversary proceeding is governed by the rules of this Part VII," which include the filing of a complaint, service of process, and the filing of an answer. Determinations to determine dischargeability are clearly delineated within the definition of an adversary proceeding.

The language of the plan provision would require this Court to make a finding of fact concerning the Debtor's ability to repay the student loan debt pursuant to 11 U.S.C. § 523(a)(8). Whether a debtor will experience undue hardship must be determined on a case-by-case basis after a fact specific inquiry. *In re Palmer*, Ch. 7 Case 92–40915, Adv. 93–4180 (Bankr.S.D.Ga. 1993) (Davis, J.). A debtor seeking a discharge of a student loan under the undue hardship exception must satisfy each of the following three elements:

(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

Id. (citing *In re Brunner*, 831 F.2d 395, 396 (2d Cir.1987)). Surely, for these issues of dischargeability to be joined, a higher level of summons, notice, pleading and trial is appropriate, than that which is afforded in the confirmation process.