**In re William E. CONNER, Debtor.**

**Bankruptcy No. 98–13350–JMD.**

United States Bankruptcy Court,
D. New Hampshire.

July 30, 1999.

Jan M. Sensenich, White River Junction, VT, for Debtor.

Lawrence P. Sumski, Amherst, NH, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

The Court held a continued hearing on confirmation of the Chapter 13 plan of the debtor, William E. Conner, at which the debtor, his counsel, and the Chapter 13 trustee appeared. After hearing argument by debtor's counsel in favor of confirmation of the plan, the Court took the matter under advisement. At issue in this case is whether the Court may confirm a Chapter 13 plan containing the following provision:

> Confirmation of this plan shall constitute a finding that exception of the debtor's student loans subject to 11 U.S.C. § 523(a)(8) from discharge would impose an undue hardship on the debtor.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS AND PROCEDURAL HISTORY

The debtor is an attorney who filed a Chapter 13 bankruptcy petition on Sep-

tember 2, 1998 listing approximately $95,-000 in student loan debt. On May 3, 1999, the debtor filed an amended Chapter 13 plan which provides that confirmation of the debtor's plan shall constitute a finding that it would be an undue hardship on the debtor to repay his student loan creditors and that such debt will not be excepted from discharge in accordance with 11 U.S.C. § 523(a)(8). The amended plan was served on American Student Assistance ("ASA") and The Educational Resources Institute, Inc. ("TERI"), two student loan creditors who have filed claims totaling almost $130,000.[1]

Despite language in the debtor's amended plan that student loan debts will be discharged because they impose an undue hardship on the debtor, neither ASA nor TERI filed an objection to the debtor's amended Chapter 13 plan. At the first hearing on confirmation of the plan, the Court *sua sponte* raised the issue of whether the student loan dischargeability provision contained in the debtor's plan complies with the requirements of the Bankruptcy Code and whether its inclusion in the plan prohibits confirmation. Debtor's counsel filed with the Court a memorandum of law in support of confirmation and served a copy of the memorandum on the student loan creditors.[2] Neither creditor filed a response with the Court.

## III. DISCUSSION

Section 1328(a)(2) of the Bankruptcy Code provides in relevant part:

As soon as practicable after completion by the debtor of all payments under the [Chapter 13] plan ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed

under section 502 of this title, except any debt—

. . .

(2) of the kind specified in paragraph ... (8) ... of section 523(a) ... of this title ....

11 U.S.C. § 1328(a)(2). Section 523(a)(8) of the Bankruptcy Code provides:

A discharge under ... this title does not discharge an individual debtor from any debt—

. . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for any obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents....

11 U.S.C. § 523(a)(8) (effective October 7, 1998). Thus, section 1328(a)(2) excepts student loans from discharge even after completion of all Chapter 13 plan payments except under limited circumstances defined in section 523(a)(8). *See In re Mammel*, 221 B.R. 238, 242 (Bankr. N.D.Iowa 1998).

In this case, the debtor proposes to discharge through his plan his student loans because they allegedly impose an undue hardship. The Court notes as a preliminary matter that although no student loan creditor has objected to this provision of the debtor's plan, the obligation to object rests with the student loan

1. While each creditor was served with a copy of the amended plan at an address the debtor had for each creditor, neither was served with a copy of the plan at the address listed in their proofs of claim.

2. Again, each creditor was served with a copy of the amended plan at an address the debtor had for each creditor. However, ASA was also served at the address listed in its proof of claim.

creditor, not with the Court or the trustee. *See In re Andersen,* 179 F.3d 1253, 1255–57 (10th Cir.1999). Notwithstanding the student loan creditors' failure to object, the Court has the independent right and duty to review a proposed Chapter 13 plan for compliance with the Code. *See Mammel,* 221 B.R. at 239 ("[W]hether or not an objection is presently lodged in this case, the Court retains the authority to review this plan and deny confirmation if it fails to comply with the confirmation standards of the Code.").

■ The debtor cites *In re Andersen,* 215 B.R. 792 (10th Cir. BAP 1998), and *In re Andersen,* 179 F.3d 1253 (10th Cir. 1999), in support of confirmation of his plan. Both the Bankruptcy Appellate Panel and the Court of Appeals for the Tenth Circuit upheld a similarly worded provision in a debtor's Chapter 13 plan that provided for the discharge of the debtor's student loan obligations because plan confirmation constituted a finding that the obligations imposed an undue hardship on the debtor. However, the results obtained in *Andersen* were based on principles of *res judicata,* which bars further litigation post-confirmation under section 1327(a). *See Andersen,* 179 F.3d 1253, 1259–60; *Andersen,* 215 B.R. at 795; *see also Mammel,* 221 B.R. at 240. In *Andersen,* the validity of the student loan hardship provision was not raised by student loan creditors until after the plan had been confirmed, the confirmation order became final, the plan payments completed, and the discharge had entered. The potentially troublesome provision in this case was identified by the Court *before* the debtor's plan was confirmed. For that reason, the *Andersen* case is distinguishable, and this Court can conduct an unrestricted examination of the merits of the provision, unfettered by *res judicata* issues. *See Mammel,* 221 B.R. at 240.

■ This Court finds the student loan dischargeability provision in the debtor's amended plan objectionable in several respects. First, allowing discharge of the debtor's student loan debts through the confirmation process defeats the adversary requirements for determining dischargeability. *See id.* at 241.

If a particular debt is believed to come within one of the exemptions to discharge, the creditor may seek a determination that the debt is not discharged. Similarly, if there is a question as to whether or not a particular debt is exempt from discharge, the debtor may desire to have the court determine its dischargeability. *In either instance, the Bankruptcy Rules require that the request for such a determination take the form of an adversary proceeding.* Bankruptcy Rule 4007 sets forth the procedure for determination of the dischargeability of a debt. *Bankruptcy Rule 4007(a) provides that a proceeding to determine dischargeability of a particular debt be initiated by a "complaint";* Bankruptcy Rule 4007(e), as does Rule 7001(6), provides that the proceeding is governed by the adversary rules in Part VIII [sic].

*Collier on Bankruptcy* ¶ 7001.07 (15th rev. ed.1997) (emphasis added). As stated by the court in *Mammel,*

[t]he requirements for resolving dischargeability issues ... are defined by the Code and Rules in a manner best suited to provide the appropriate forum in an adversarial format within which to provide due process and procedural safeguards to all parties. *The shortcut proposed by Debtor undermines that process and renders superfluous those rules relating to adversary complaints.*

*Mammel,* 221 B.R. at 241 (emphasis added); *see also In re Hinton,* 231 B.R. 384, 385 (Bankr.S.D.Fla.1999) (citing *Mammel*); *In re Galey,* 230 B.R. 898, 899 (Bankr.S.D.Ga.1999) ("Clearly, the Rules contemplate that determinations of dis-

chargeability are within the scope of adversary proceedings. The inclusion of the specific mention of dischargeability in Rule 7001 strongly suggests that the omission of dischargeability determinations from 1322 was not accidental. Rather, the omission, read together with Rule 7001, constitutes a clear recognition that determinations of dischargeability cannot be obtained by simply inserting a provision to that effect in a Chapter 13 plan.").

■ Second, the debtor seeks to have his student loans declared dischargeable without satisfying the evidentiary elements of section 523(a)(8). *See Mammel,* 221 B.R. at 241; *Hinton,* 231 B.R. at 385. Pursuant to section 523(a)(8), debtors must demonstrate undue hardship in order to have their student loans discharged. This Court has adopted a three-part test to be used in determining when undue hardship exists. *See Garrett v. New Hampshire Higher Educ. Assistance Found. (In re Garrett),* 180 B.R. 358, 362 (Bankr.D.N.H. 1995). Undue hardship requires a three-part showing that (1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans. *See id.* (citing *In re Roberson,* 999 F.2d 1132, 1135 (7th Cir.1993) and *Brunner v. New York State Higher Educ. Servs. Corp.,* 831 F.2d 395, 396 (2d Cir.1987) (per curiam)).

"In order for [a debtor] to meet the first part of the test, [his] current financial condition must be analyzed to see if payment of the loans would cause [his] standard of living to fall below that which is minimally necessary." *Id.* at 363; *see also Barrows v. Illinois Student Assistance Comm'n (In re Barrows),* 182 B.R. 640,

648–49 (Bankr.D.N.H.1994). "In order to meet the second requirement, [a debtor] must show that [he] will be unable to make the payments on the student loans in the future." *Garrett,* 180 B.R. at 363; *see also Barrows,* 182 B.R. at 648. "The third prong of the test is whether [a debtor] made a good faith attempt to repay the loan in question." *Garrett,* 180 B.R. at 364.

■ Here, the debtor has not made the required showing with respect to any part of the test. Neither the statement in the debtor's amended plan that his student loan debts impose an undue hardship nor information that can be gleaned from the debtor's bankruptcy file satisfies the debtor's burden on these issues. In general, an undue hardship should be found to exist only when it is shown that a debtor is severely disadvantaged economically due to unique factors that are sufficiently intertwined with the debtor's life, both currently and in the foreseeable future, so as to make the expectation of repayment virtually non-existent, save for an effort by the debtor that would strip himself of all that makes life worth living. *See Barrows,* 182 B.R. at 648 (quoting *In re Courtney,* 79 B.R. 1004, 1010 (Bankr.N.D.Ind.1987) and *In re Kohn,* 5 B.C.D. 419, 424 (Bankr. S.D.N.Y.1980)).

■ Third, the debtor relies on the general provisions of 11 U.S.C. § 1322(b)(10) to assert that flexible plan drafting is allowed by the Bankruptcy Code, thus permitting his student loan hardship provision. *See Mammel,* 221 B.R. at 241. Section 1322(b)(10) provides:

> Subject to subsections (a) and (c) of this section, the plan may ... include any other appropriate provision not inconsistent with this title.

11 U.S.C. § 1322(b)(10). Like the debtor in *Mammel,* the debtor here argues that section 1322(b)(10) allows creative plan for-

mulation and wide latitude in the formulation of a Chapter 13 plan. *See id.* at 241–42. "While § 1322(b)(10) allows flexibility in the treatment of complex obligations, it is intended to do so within the parameters of more specific Code provisions." *Id.* at 242; *see also Hinton,* 231 B.R. at 385 (citing *Mammel*); *cf. Galey,* 230 B.R. at 899 ("[B]ecause 11 U.S.C. § 1322 contains neither mandatory nor permissive inclusion of such a provision in the plan, it alone does not provide any guidance on the issue."). Permitting a hardship discharge in the manner proposed by the debtor in this case would negate the requirements of section 523(a)(8) and would be contrary to the public policy considerations underlying that provision of the Bankruptcy Code. *See Mammel,* 221 B.R. at 242.

Fourth, the debtor argues that it is appropriate to confirm his plan because the student loan creditors were given notice, due process, and an opportunity to be heard. *See id.* Even though neither ASA nor TERI has appeared to object to the dischargeability of its loans in this case, as noted above, the Court retains an independent obligation to examine plan provisions and ensure that they comply with the Bankruptcy Code. With respect to notice and due process, the Court notes that the student loan creditors were not specifically mentioned by name in the debtor's plan nor was the student loan dischargeability provision well highlighted in the plan. In addition, ASA and TERI were served with copies of the plan not at the address listed on their respective proofs of claims, but rather at some other address that the debtor had for these creditors; TERI was not served with a copy of the debtor's memorandum at the address listed in its proof of claim. Given these facts, there can be no assurance that these creditors received sufficient notice to satisfy due process.

 Further, under ordinary circumstances, it is unnecessary for student loan creditors to file a claim or to object to confirmation as they are entitled to rely on the non-dischargeability provisions of section 523(a)(8). *See id.; Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder),* 171 B.R. 345, 348 n. 10 (Bankr.W.D.Wis. 1994) ("Student loan debts are nondischargeable and self proving."). "Under the Code, Debtor has the burden to raise the issue of dischargeability. Allowing this provision would shift the burden to student loan creditors. It would require them to appear at the confirmation hearing and raise the issue or lose the rights preserved to them by the Code." *Mammel,* 221 B.R. at 243; *see also Ridder,* 171 B.R. at 348 n. 10 ("This provision [11 U.S.C. § 523(a)(8)] is intended to be self executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan."). Thus, as the court in *Mammel* found, it is inappropriate to confirm this plan by "default," particularly when confirmation will irrevocably bind ASA and TERI to the provisions of the plan. A higher level of summons, notice, pleading, and trial is appropriate than that which has been afforded these creditors in the confirmation process. *See Galey,* 230 B.R. at 900 n. 1.

The Court notes finally that the debtor has cited no authority, besides *Andersen,* upon which the Court can base a holding that the student loan hardship provision in the debtor's amended Chapter 13 plan is appropriate and that the debtor's plan is confirmable. Unlike *Andersen,* this debtor's Chapter 13 plan is pending confirmation, no final confirmation order has been entered, and *res judicata* never became an issue. *See Galey,* 230 B.R. at 899.

## IV. ORDER

The provision of the debtor's Chapter 13 plan that purports to discharge the debtor's student loans upon confirmation of the plan is impermissible under the provisions

of Title 11 and the Bankruptcy Rules. Therefore, the plan does not meet the requirements of 11 U.S.C. § 1325(a)(1) and confirmation of the debtor's amended Chapter 13 plan is denied. The debtor shall have twenty (20) days from the entry of this order to file a modified Chapter 13 plan or the case will be dismissed under 11 U.S.C. § 1307(c)(5). This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.