**In re Thomas Darryl FOX and Maria Antoinette Bryant Fox, Debtors.**

**Civ.A. No. 00–00252–W.**

United States Bankruptcy Court,
D. South Carolina.

March 31, 2000.

Lola Stradford Richey, Greenville, SC, for Debtor.

Lillia Ann Gray, Columbia, SC, for United Student Aid Funds, Inc.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Hearing on the Confirmation of the Chapter 13 Plan in the above captioned case and the Objection to Confirmation of Plan filed by United Student Aid Funds, Inc. ("USA Funds") on February 9, 2000. At the confirmation hearing, the Chapter 13 Trustee objected to the confirmation of the plan and joined the attorney for USA Funds in arguing that the student loan provision in the Plan was illegal under the Bankruptcy Code. After considering the evidence presented at the hearing on the Confirmation and the briefs submitted by counsel and by the Chapter 13 Trustee, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

## FINDINGS OF FACT

1. Thomas Darryl Fox and Maria Antoinette Bryant Fox (collectively "Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on January 10, 2000.

2. On January 26, 2000, Debtors filed a Chapter 13 plan. Paragraph 6(a) of Debtors' plan, which deals with the treatment of general unsecured creditors, provides that they will be paid 3% of their allowed claims, and further includes the following language:

> Pursuant to 11 U.S.C. § 523(a)(8),[2] excepting any educational loan, benefit or obligation owed to any lending institution will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of the debtor's Chapter 13 Plan constitutes a finding to that effect of undue hardship and that said debt is dischargeable.

3. At the time they filed the bankruptcy petition, Thomas Fox had three outstanding student loan obligations and various institutions held the underlying promissory notes. Debtors' Schedule F shows that the following institutions have the respective claims: Sallie Mae Servicing in the amount of $11,800.00, South Carolina Student Loan Corporation in the amount of $4,301.70, and Student Loan Servicing Center in the amount of $5,000.00. The student loan promissory note executed by Thomas Fox to Sallie Mae Servicing was transferred to USA Funds, Inc. on or about January 21, 2000.

4. On February 9, 2000, USA Funds filed an Objection to Confirmation of Plan on the grounds that the plan was not proposed in good faith, thus violating § 1325(a)(3), and that the plan proposed to discharge § 523(a)(8) non-dischargeable debts, thus violating the provisions of the Bankruptcy Code.

5. A hearing on the Confirmation of the Chapter 13 plan was held before this Court on March 9, 2000. At the hearing, the Chapter 13 Trustee also objected to confirmation arguing that the plan provision was impermissible under applicable law and rules. The Confirmation Hearing was continued to April 6, 2000 to allow counsel and the Chapter 13 Trustee to submit briefs in support of their positions.

## CONCLUSIONS OF LAW

The main issue presently before this Court is whether Debtors can obtain a determination of dischargeability of their student loans by providing, in the plan, that confirmation of said plan constitutes a finding of undue hardship. This Court denies confirmation of Debtors' proposed Chapter 13 plan because it fails to comply with the requirements of the Bankruptcy

---

1. The Court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

2. Further references to the Bankruptcy Code shall be by section number only.

Code: First, allowing discharge of the student loans in this case does not comply with the exceptions to discharge as set forth in § 1328. Second, allowing discharge of Debtors' student loans through the confirmation of the plan defeats the Bankruptcy Rules' requirement for an adversary proceeding.

The initial question before the Court is whether, due to South Carolina Student Loan Corporation and Student Loan Servicing Center's failure to object to the confirmation of the proposed Chapter 13 plan, the plan should be confirmed as proposed to discharge the student loans as they relate to those two student loan lenders. Debtors argue that because USA Funds was the only student loan lender to object to confirmation, the plan should be confirmed as proposed to the remaining two student loans while allowing Debtors to bring an adversary proceeding to determine the dischargeability of the student loan as to USA Funds. They further contend that because neither South Carolina Student Loan Corporation nor Student Loan Servicing Center filed an objection to the plan prior to confirmation, USA Funds does not have authority nor standing to dispute the language for any other student loan lender, other than its own interest.

In support of their argument, Debtors rely on the recent cases of *Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999) and *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083 (9th Cir.1999). In those cases, the courts held that the creditors' failure to object or to appeal the confirmation of a plan which included a provision similar to the one in paragraph 6(a) at issue in this case, waived the credi-

tors' rights to later attack the provision of the plan on the ground that it did not comport with the requirements of the Bankruptcy Code. In both cases, however, the validity of the provisions in the Chapter 13 plan indicating that the student loans, or portions of it, would be discharged upon confirmation, was not challenged by the student loan creditors until after the plan had been confirmed, the confirmation order had become final, and the discharge had been entered upon the completion of the payments under the plan. In other words, "the results obtained in *Andersen* [and in *In re Pardee*] were based on principles of res judicata, which bars further litigation post-confirmation under section 1327(a)." *In re Conner*, 242 B.R. 794, 797 (Bankr.D.N.H.1999). As other courts have recognized, *In re Andersen* and *In re Pardee* are easily distinguishable from the facts of the case before this Court in that, Debtors' Chapter 13 plan has not been confirmed. *See, e.g., In re Conner*, 242 B.R. at 797 ("The potentially troublesome provision in this case was identified by the Court before the debtor's plan was confirmed. For that reason, the *Andersen* case is distinguishable, and this Court can conduct an unrestricted examination of the merits of the provision, unfettered by res judicata issues."), *In re Evans*, 242 B.R. 407 (Bankr. S.D.Ohio 1999) ("The Debtor's reliance upon *Andersen* is misguided. In *Andersen* and *Pardee*, the plan had already been confirmed when the validity of the student loan provision was raised. No objections were raised prior to confirmation. In this case ... an objection to the student loan provision was raised prior to confirmation.").[3]

**3.** In *In re Andersen,* the court also emphasized that its holding was based on the fact that confirmation of the plan had taken place and an order of discharge had been entered. The Court emphasized:

Recognizing Congress' clear desire to restrict dischargeability in this areas, we emphasize that our holding does not in any manner lessen a debtor's burden of proof

on the issue of undue hardship when seeking to discharge an educational loan, nor do we suggest that his is an easy burden to overcome. Rather, under the particular facts of this case, we merely conclude that *the strong policy favoring finality,* coupled with the creditor's *complete* failure to properly protect its interests during the course

■ The Court also finds that the Chapter 13 Trustee has standing to object to the confirmation of the Chapter 13 plan in this case on behalf of the two student lenders who failed to timely object. Several courts have been faced with the issue of whether a Chapter 13 plan, which contained a provision indicating that confirmation would operate as finding that requiring the debtor to repay his student loans would impose an undue hardship on him or her, can be confirmed if no student loan creditors raise an objection. A bankruptcy court can raise an objection to the plan *sua sponte.* Courts have generally held that "it is th[e] court's practice to consider the confirmability of a chapter 13 plan on the merits of the plan whether or not an objection is timely." *In re Stevens,* 236 B.R. 350, 351 (Bankr.E.D.Va.1999); *see also In re Evans,* 242 B.R. at 410 n. 5; *In re Conner,* 242 B.R. at 796–97. In this case, at the confirmation hearing, USA Funds objected to the plan not only on its behalf, but also asserted that the proposed plan should not be confirmed as it relates to the other two student loan creditors. At the hearing, the Chapter 13 Trustee also objected on the basis that the inclusion of paragraph 6(a) did not comply with the provisions of the Bankruptcy Code and also submitted a Brief to the Court in support of those legal arguments. The Court finds that the Trustee has standing to dispute the provisions of the proposed Plan on behalf of any other student loan lender; therefore, South Carolina Student Loan Corporation and Student Loan Servicing Center's failure to object to the confirmation of the proposed plan does not render the proposed plan automatically confirmable as to them.

■ The proposed Plan clearly fails to meet the requirements of the Bankruptcy Code. Section 1328(a)(2), which governs discharge in a Chapter 13, contains a mandatory declaration that debts of the kind specified in § 523(a)(8) are non-dischargeable upon the completion of the confirmed Chapter 13 Plan.[4] Pursuant to § 523(a)(8), debtors must demonstrate "undue hardship" in order to have their student loans discharged. To establish a finding of undue hardship, Debtors must prove that:

(1) The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) Additional circumstances exist indicating that this state of affairs is likely to persists for a significant portion of the repayment period of the student loans; and

(3) The debtor has made good faith efforts to repay the loans.

*See, e.g., Ammirati v. Nellie Mae, Inc. (In re Ammirati),* 187 B.R. 902, 904 (D.S.C. 1995) (quoting *Brunner v. New York State Higher Educ. Servs. Corp.,* 831 F.2d 395, 396 (2d Cir.1987)).

■ In this case, Debtors have not made the required showing under this three-pronged test. What Debtors are proposing is to obtain a discharge of their student loans, which would otherwise be excepted from discharge pursuant to § 1328(a)(2), through the proposed Chapter 13 plan, by including nonconforming language in the hopes that such provision slips pass the review of the affected student loan creditors. Student loan credi-

---

of the bankruptcy proceedings, permit us to affirm the BAP's decision.
*In re Andersen,* 179 F.3d at 1259 (emphasis added).

4. Section 523(a)(8) provides that a discharge under Title 11 does not discharge a debtor from any debt:

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

tors "are entitled to rely on the non-dischargeability provisions of section 523(a)(8)" and on the overall statutory scheme envisioned by Congress. *In re Conner*, 242 B.R. at 799. Creditors should be assured that the debtor plays by the established rules of the game and has been required to meet and adhere to the mandatory provisions of Title 11 before being granted confirmation. Anything less warrants denial of confirmation of the debtor's proposed plan.

Furthermore, "allowing discharge of the debtor' student loan debts through the confirmation process defeats the adversary requirements for determining dischargeability." *In re Conner*, 242 B.R. at 799; *see also In re Galey*, 230 B.R. 898 (Bankr. S.D.Ga.1999). Rule 7001 sets forth a list of adversary proceedings and subsection (6) specifically lists "a proceeding to determine the dischargeability of a debt."[5] It is therefore,

ORDERED that the provision of Debtors' Chapter 13 Plan in paragraph 6(a) that purports to discharge Debtor's student loans upon confirmation of the plan is impermissible under the Bankruptcy Code.

IT IS FURTHER ORDERED that confirmation of the proposed Chapter 13 Plan is denied. Debtors are given ten (10) days from the entry of this Order within which to propose and file an amended plan.

---

5. The requirements for resolving dischargeability issues... are defined by the Code and Rules in a manner best suited to provide the appropriate forum in an adversarial format within which to provide due process and procedural safeguards to all parties. The shortcut proposed by Debtor undermines that process and renders superfluous those rules relating to adversary complaints.
*In re Conner*, 242 B.R. at 797 (quoting *In re Mammel*, 221 B.R. 238, 242 (Bankr.N.D.Iowa 1998)).