**In re Kari Kristin WEBBER, Debtor.**

**No. 00–2817–PHX–RJH.**

United States Bankruptcy Court,
D. Arizona.

Aug. 9, 2000.

Mark Johnson, Mesa, AZ, for Debtor.

Mary Ellen Beardsley, Assistant Attorney General, Office of the Attorney General, Anchorage, AK, for Alaska Commission on Postsecondary Education.

Madeleine C. Wanslee, Gust Rosenfeld, P.L.C., Phoenix, AZ, for United Student Aid Funds and Educational Credit Management Corporation.

Ralph McDonald, Phoenix, AZ, Chapter 13 Trustee.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

May a chapter 13 plan provide that repayment of the debtor's student loans would constitute an undue hardship, and consequently upon successful completion of all plan payments the debtor's student loan debts will not be excepted from the discharge? This Court concludes such plan provisions are improper.

### Factual Background

Debtor Kari Webber. filed a chapter 13 plan, through counsel, which provided in paragraph 3(j)(2)(A):

DISCHARGE OF STUDENT LOANS—Kari Webber can not maintain based on current income and expenses, a minimum standard of living if forced to repay student loans. She has made

good faith efforts to repay the loans. State of affairs is likely to persist for a significant portion of the student loan repayment period. Upon successful completion of the chapter 13, the student loans will not be excepted from discharge.

The State of Alaska, by the Alaska Commission on Postsecondary Education, the Education Credit Management Corporation, and the United Student Aid Funds, Inc. filed objections to confirmation of the chapter 13 plan, and specifically objected to its attempt to discharge their student loan debts in the confirmation process. The Court heard those objections on July 12, 2000. At the hearing, Debtor's counsel agreed to file an amended plan that eliminates the objectionable provision, but counsel for the objectors nonetheless requested a ruling on their objection due to the recurring nature of the problem.

### Analysis

■ Government guaranteed student loan debts are generally not dischargeable unless failure to discharge them would pose an "undue hardship" on the debtor and the debtor's dependents. 11 U.S.C. § 523(a)(8). The Ninth Circuit has held that Congress' use of the adjective "undue" means that the hardship must be more than a mere hardship. *United Student Aid Funds, Inc. v. Pena (In re Pena)*, 155 F.3d 1108, 1111 (9th Cir.1998), *citing In re Brunner*, 46 B.R. 752, 753 (S.D.N.Y. 1985), *aff'd*, 831 F.2d 395 (2d Cir.1987). To demonstrate undue hardship, a debtor must establish that: (1) the debtor cannot maintain, based on current income and expenses, a minimal standard of living if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans. *Pena*, 155 F.3d at 1111.

■ The language of Debtor's plan was obviously drafted to satisfy that *Pena* standard, but Debtor did not seek to es-tablish those facts through an adversary proceeding. Federal Rule of Bankruptcy Procedure (hereinafter "Bankruptcy Rule") 7001(6) requires that such a determination be made in the context of an adversary proceeding, and Bankruptcy Rules 7003 and 7004 require that such adversary proceeding be commenced by the filing of a complaint and service of a summons.

■ Yet despite the lack of an adversary proceeding, if the plan were confirmed as drafted, the discharge of the student loans could not be challenged in a collateral proceeding, because the confirmation order would have res judicata effect, even if the offending provision violated the Bankruptcy Code or Rules. *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083, 1086–87 (9th Cir. 1999); *Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999); *United States v. Black (In re Black)*, No. 99–0267, 2000 U.S.Dist. LEXIS 5880 (D.Ariz. March 30, 2000). To avoid that result the governmental student loan agencies must monitor and affirmatively object to chapter 13 plans that contain such provisions, instead of awaiting the service of a summons and complaint seeking to establish the debtor's undue hardship.

Because such objections were duly filed here, this is not a collateral attack on a confirmation order, but rather a timely and proper direct objection. Therefore the holdings of *Pardee* and *Andersen* have no bearing. The Ninth Circuit's *Pardee* opinion expressly declined to decide the issue of the propriety of the plan provision discharging postpetition interest on student loans, although it noted the clear weight of authority was that such interest was nondischargeable. 193 F.3d at 1085 and n. 4. The Tenth Circuit stated in *Andersen* that the discharge provision "did not comply with the Code," 179 F.3d at 1259, but that was dictum given the holding based on res judicata.

A handful of bankruptcy court decisions have condemned such attempts to dis-

charge student loans by plan provisions that, if not objected to, would obviate the necessity of an adversary proceeding to establish the undue hardship. Perhaps the earliest such case was *In re Mammel,* 221 B.R. 238 (Bankr.N.D.Iowa 1998), in which the plan simply provided that the student loan debts would be discharged upon confirmation. Upon the trustee's objection (but not that of the lenders), that court found seven reasons why such a provision was objectionable, but most of them do not apply here. The most obvious objection to the *Mammel* plan provision was that it violated 11 U.S.C. § 1328 by purporting to discharge student loan debts immediately upon confirmation rather than upon completion of all plan payments. 221 B.R. at 240–41. That provision also constituted unfair discrimination in violation of § 1322(b)(1), because such immediately discharged debts would presumably not share pro rata in the payments made on other unsecured debts during the life of the plan. *Id.* at 242. Neither of these problems exists with the Webber plan provision, because it purports to discharge the student loan only upon completion of the plan, the same as other unsecured debt. The Webber provision also alleviates the problem the *Mammel* court found with a simple discharge provision that evades the Debtor's burden of proof under § 523, because the Webber provision seeks to establish, in the confirmation process, the facts necessary to support the finding of undue hardship under the applicable Ninth Circuit test. Consequently of all the objections found by the *Mammel* court, the only one significantly applicable here is that the plan provision is contrary to Bankruptcy Rule 7001(6) by evading the necessity of an adversary proceeding.

The court in *In re Evans,* 242 B.R. 407, (Bankr.S.D.Ohio 1999), condemned such plan provisions more strongly, relying primarily on the evasion of the adversary proceeding to establish the undue hardship. Among other things, that court noted that Bankruptcy Rule 7004(b)(4) and (5) establish special service procedures for service of adversary proceedings on agencies of the United States, which may not apply to the simple notice of the date to object to the plan. 242 B.R. at 410. The court also noted that it may be improper to attempt to establish undue hardship in the confirmation process, where a State's Eleventh Amendment immunity defense may not be as available as it might in an adversary proceeding. *Id.,* n. 3. Ninth Circuit law recognizes that same distinction, *In re Mitchell,* 209 F.3d 1111 (9th Cir.2000), and the State of Alaska specifically makes that objection here.[1] The *Evans* court ordered debtor's counsel to show cause why the inclusion of the student loan discharge provision did not violate Bankruptcy Rule 9011, to deter the "abuse" of creating such a trap for unwary creditors and creating "discharge by declaration," akin to the exemption by declaration deplored in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). 242 B.R. at 411–13.

The court in *In re Conner,* 242 B.R. 794 (Bankr.D.N.H.1999), similarly found such provisions objectionable, relying heavily on the fact that such plan provisions effectively shift the burden of going forward with the case for the hardship discharge. It held that the lending agencies should not be compelled to object to such plan provisions because they should be entitled to rely on the self-effectuating nature of § 523(a)(8), excepting such debts from discharge unless an adversary proceeding established the requisite undue hardship. 242 B.R. at 799. *See also In re Hensley,* 249 B.R. 318 (Bankr.W.D.Okla.2000); *In re Fox,* 249 B.R. 140 (Bankr.D.S.C.2000).

I concur that such student loan discharge provisions are not permissible in a chapter 13 plan or in an order confirming the plan. Bankruptcy Rule 7001(6) re-

---

1. This Court expresses no opinion as to whether the Alaska agency may properly assert Eleventh Amendment immunity against a proper proceeding seeking to discharge a student loan obligation or, if so, whether it would be permissible to evade that defense by seeking the relief in the confirmation process.

quires an adversary proceeding to establish the dischargeability of such debts, and nothing in chapter 13 permits the Bankruptcy Rules to be evaded by simple plan provisions. *See, e.g., Bear v. Coben (In re Golden Plan of Cal., Inc.),* 829 F.2d 705 (9th Cir.1986) (fraudulent conveyances may not be avoided by the provisions of a chapter 11 plan without an adversary proceeding); *Brady v. Andrew (In re Commercial W. Fin. Corp.),* 761 F.2d 1329, 1336–38 (9th Cir.1985) (unperfected interests may not be avoided by a chapter 11 plan without an adversary proceeding). Some bankruptcy rules requiring adversary proceedings specifically provide for an alternative in the confirmation process, but Rule 7001(6) does not. *See, e.g.,* Rules 7001(7) (plans may provide injunctive relief) and 7001(8) (plans may subordinate claims). It is not appropriate for debtors' counsel to submit such plans in the hope that the student lending agencies fail to object.

For these reasons, Debtor's counsel is directed to file an amended plan that eliminates the provision attempting to establish the basis for discharge of the student loans. This is without prejudice to the filing of an appropriate adversary proceeding to obtain a discharge of such debts.