**In re Debra A. FEATHERSTON, Debtor.**

**Bankruptcy No. 98–34853.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Aug. 19, 1999.

Lester R. Thompson, Dayton, Ohio for the debtor.

Robert B. Berner, Arter & Hadden, LLP, Dayton, Ohio, for USAFI.

Scott G. Stout, Englewood, Ohio, Chapter 13 Trustee.

## DECISION AND ORDER DENYING CONFIRMATION OF THE DEBTOR'S MODIFIED PLAN

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (L).

This matter is before the court upon United Student Aid Funds, Inc.'s Motion to Object to Modification of Chapter 13 Plan Prior to Confirmation [Doc. # 27–1]; Brief in Support of Confirmation of Debtor's Modified Plan [Doc. # 30–1]; United Student Aid Funds, Inc.'s Response to Debtor's Brief in Support of Confirmation of the Debtor's Modified Plan [Doc. # 31–1]; Chapter 13 Trustee's Entry of Appearance and Joinder in Debtor's Motion [Doc. # 32–1]; and Response of United Student Aid Funds, Inc. to Chapter 13 Trustee's Entry of Appearance and Joinder in Debtor's Motion [Doc. # 35–1]. The following decision and order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

### FINDINGS OF FACT

The issues before the court include whether a Chapter 13 debtor may discharge the collection costs related to a nondischargeable student loan debt and whether a debtor may obtain such a discharge by way of a plan provision rather than the filing of a complaint in an adversary proceeding.

On August 14, 1998, the Debtor, Debra A. Featherston ("Debtor"), filed a Chapter 13 bankruptcy petition and proposed plan listing an $86,000 student loan obligation owed to United Student Aid Funds, Incorporated ("USAFI") [1]. A "special plan provision" proposed to treat the debt to USAFI as an unsecured claim dischargeable upon completion of the plan because pay-

ment of the full debt, the Debtor alleged, would cause an undue hardship. [Doc. # 1–1, plan p. 11.]

USAFI objected to this treatment of its claim in the special plan provision. [Doc. # 17–1.] USAFI argued that the Debtor's student loan debt was nondischargeable under 11 U.S.C. § 523(a)(8) unless the Debtor sought a determination of the debt's dischargeability through the filing of a complaint in an adversary proceeding. *Id.* As the Debtor had not filed such a complaint and, instead, attempted to discharge the debt through the plan confirmation process, USAFI requested that confirmation of the Debtor's plan be denied. *Id.* After a hearing held on December 8, 1998, the court sustained USAFI's objection, as well as an objection filed by the Chapter 13 Trustee, and denied confirmation of the Debtor's Chapter 13 plan giving the Debtor time to file a new modified plan. [Doc. # 23–1.]

Within its modified plan, filled with the court on January 29, 1999, the Debtor proposed a different treatment of its debt to USAFI. [Doc. # 24–1.] The Debtor stated her intent to pay the balance of the student loan obligation, plus interest. *Id.* However, the Debtor proposed that $16,085.45 of the debt to USAFI should be discharged as a default penalty that would be "cured" through payment of the principal and interest. *Id.*

USAFI objected to the Debtor's modified plan arguing that the Debtor, again, attempted to discharge part of her student loan obligation through the plan confirmation process rather than the filing of an adversary complaint. [Doc. # 27–1.] In addition, USAFI argued that the $16,085.45 did not represent a default penalty, but, instead, was the amount of collection costs USAFI incurred. *Id.* As evidence, USAFI provided the "Statement of Purchased Account" related to the Debtor's student loan obligation. [Doc. # 27–1, attached to proof of claim.] This statement

---

**1.** The amount of the debt is stated as $89,060.19 in USAFI's proof of claim.

provided a breakdown of the balance due on the Debtor's student loan obligation and stated that the $16,085.45 at issue represented collection costs. *Id.* USAFI argues that such collection costs are part of the Debtor's student loan obligation made nondischargeable under 11 U.S.C. § 523(a)(8) absent proof of undue hardship. *Id.* As the Debtor did not file an adversary complaint or prove undue hardship, USAFI argues that any plan of the Debtor which proposes to pay less than the full student loan obligation should be denied. *Id.*

The court held a hearing on USAFI's objection on March 16, 1999 at which time the matter was taken under advisement until after the court received additional briefing of the issues from the interested parties. [Doc. #29–1.] After receiving post-hearing memoranda from USAFI, the Debtor and the Chapter 13 Trustee, the court is now prepared to render its decision.

### CONCLUSIONS OF LAW

■ Student loan obligations are generally nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(8). This section provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.]

11 U.S.C. § 523(a)(8). Under this statute, student loans are nondischargeable except upon a showing by the debtor that repayment of the loan would impose an undue hardship. *Id.; see also Dolph v. Pennsyl-*

*vania Higher Educ. Assistance Agency (In re Dolph)*, 215 B.R. 832, 836 (6th Cir. BAP 1998) (noting that the debtor bears the burden of proving that the debt is dischargeable as an undue hardship).

No party disputes that the principal and interest of the Debtor's debt to USAFI is a student loan excepted from discharge under 11 U.S.C. § 523(a)(8) absent proof by the Debtor that payment would cause an undue hardship. Instead, the parties dispute whether the $16,085.45 at issue should be characterized as a default penalty or collection costs, whether such default penalties or collection costs are excepted from discharge under § 523(a)(8) and whether the Debtor may attempt to discharge the amount through the plan confirmation process.

■ Initially, the parties dispute whether the amount at issue represents a default penalty or collection costs incurred in USAFI's attempt to collect upon the student loan debt. The Debtor argues that the amount is a default penalty that may either be discharged or cured through payment of the student loan principal and interest. The Debtor is correct that default penalty provisions, meant to penalize a debtor rather than repay the loan or reimburse a creditor for costs, have been held to be outside the discharge exception for student loans found in 11 U.S.C. § 523(a)(8). *See Rural Kentucky Medical Scholarship Fund, Inc. v. Lipps (In re Lipps)*, 79 B.R. 67, 70 (Bankr.M.D.Fla. 1987) (holding that the principal and interest of a student loan was nondischargeable but that the default penalty, arising from the debtor's failure to practice medicine in the contractually agreed upon area, was dischargeable). However, USAFI's "Statement of Purchased Account," submitted with its post-hearing memorandum and attached to its proof of claim shows that the $16,085.45 is not a default penalty but, instead, represents USAFI's collection costs incurred in its attempt to collect

upon the student loan debt.[2] This evidence was undisputed by either the Debtor or Chapter 13 Trustee. Based on the undisputed evidence, the court holds that the $16,085.45 represents USAFI's collection costs making the real issue whether or not such costs are nondischargeable under 11 U.S.C. § 523(a)(8).

Several courts have concluded that collection costs and attorney fees are part of the student loan obligation excepted from discharge under 11 U.S.C. § 523(a)(8). *See Pantelis v. Kent State Univ. (In re Pantelis)*, 229 B.R. 716, 720 (Bankr. N.D.Ohio 1998) (concluding that it is not unreasonable to provide reimbursement to the respective loan programs for their costs in defending their claims); *Claxton v. Student Loan Mktg. Assoc. (In re Claxton)*, 140 B.R. 565, 570–571 (Bankr. N.D.Okla.1992) (noting that while collection costs add to the burden on the debtor, they are real costs to the educational loan program and should be nondischargeable absent proof of undue hardship); *Mattingly v. New Jersey Higher Educ. Assistance Auth. (In re Mattingly)*, 226 B.R. 583, 586 (Bankr.W.D.Ky.1998). Indirectly, the Sixth Circuit suggests that costs, such as attorney fees, are part of the student loan obligation under § 523(a)(8) by holding that attorney fees are a portion of the debt that might be discharged upon proof of undue hardship. *See Tennessee Student Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433, 440 (6th Cir.1998) (concluding that a bankruptcy court has the equitable power to partially discharge a loan under § 523(a)(8) by "... discharging an ... amount of the principal, interest accrued, or attorney's fees ...").

Contrary to these cases, this court previously denied attorney fees or collection costs assessed to a debtor through a contractual provision in a student loan agreement. *Foreman v. Higher Educ. Assistance Found. (In re Foreman)*, 119 B.R. 584, 588 (Bankr.S.D.Ohio 1990). The decision was based on well established Ohio law that stipulations in a contract for the payment of attorney fees or collection costs are against public policy and void. *Id.* (citing *Miller v. Kyle*, 85 Ohio St. 186, 97 N.E. 372 (1911)); *see also Star Bank v. Reveal (In re Reveal)*, 148 B.R. 288, 290 (Bankr.S.D.Ohio 1992). While this law continues to be valid with respect to provisions for the payment of costs or fees in debt instruments, USAFI correctly points out that such provisions are only void in the absence of statutory authority. *See Nottingdale Homeowners' Assoc., Inc. v. Darby*, 33 Ohio St.3d 32, 33–34, 514 N.E.2d 702, 704–705 (1987); *see also Reveal*, 148 B.R. at 290.

In this case, assessing collection costs to the debtor is not only authorized by statute, it is mandated. Section 1091a, part (b) of the Higher Education Act provides:

(b) Assessment of costs and other charges

Notwithstanding any provision of State law to the contrary—

(1) a borrower who has defaulted on a loan made under this subchapter and part C of subchapter I of chapter 34 of Title 42 shall be required to pay, in addition to other charges specified in this subchapter and part C of subchapter I of chapter 34 of Title 42, reasonable collection costs; and

(2) in collecting any obligation arising from a loan made under part B of this subchapter, a guaranty agency or the Secretary shall not be subject to a

---

2. Neither the Chapter 13 Trustee nor the Debtor rebutted USAFI's evidence that the $16,085.45 represents USAFI's collection costs rather than a default penalty. Unlike a default penalty meant to penalize a debtor for nonpayment, collection costs represent actual costs incurred by the creditor as a result of a debtor's nonpayment. *See Claxton v. Student Loan Mktg. Assoc. (In re Claxton)*, 140 B.R. 565, 570 (Bankr.N.D.Okla.1992). Thus, both the Trustee's and Debtor's argument that the $16,085.45 in collection costs could be somehow "cured" through the Debtor's payment of the student loan principal and interest is incorrect and inapplicable to this situation.

defense raised by any borrower based on a claim of infancy.

20 U.S.C. § 1091a. This statute provides authority for assessing reasonable collection costs to a debtor. *Id.* Reasonable collection costs are to be assessed to the debtor whether or not they are provided for within the promissory note. *See* 34 C.F.R. § 682.410(b)(2). Based on this federal statutory authority, the court concludes that USAFI's costs are not void under Ohio law. Moreover, the court will follow other bankruptcy courts in holding that reasonable collection costs fall under the exception to discharge for student loan obligations found in 11 U.S.C. § 523(a)(8).

■ As collection costs fall under § 523(a)(8), a debtor must file a complaint in an adversary proceeding to obtain a determination that the debt is dischargeable. *See* Fed.R.Bankr.P. 7001, 7007; *see also In re Key,* 128 B.R. 742, 743 (Bankr. S.D.Ohio 1991); *In re Mammel,* 221 B.R. 238, 241 (Bankr.N.D.Iowa 1998). When a debtor attempts to discharge a student loan debt solely through a provision in his or her Chapter 13 plan rather than the filing of an adversary complaint, courts have routinely denied confirmation of the plan.[3] *See Key,* 128 B.R. at 742–743 (noting that allowing a debtor to obtain a discharge of student loan debts through the plan confirmation process bypasses Congress's clear intent to require a debtor to prove hardship before such a discharge is granted); *Mammel,* 221 B.R. at 240–243.

For the second time in this case, the Debtor attempts to obtain a discharge of its student loan obligation, this time the collection costs, through a Chapter 13 plan provision rather than the filing of an adversary complaint. For this reason, the court will deny confirmation of the Debtor's Chapter 13 modified plan. The Debt-

or is given twenty-one (21) days to revise her proposed plan to concur with this decision or the case will be dismissed.

It is so ordered.

---

**3.** The court in *Mammel* notes that if a plan provision attempting to discharge student loan debts is not objected to prior to confirmation, then concepts of res judicata and finality may force a court to enforce the offending plan provision. 221 B.R. at 240.

Fortunately, a watchful creditor did object to the offending provision prior to confirmation and thus, the issue of whether the provision would be enforced if the plan had been confirmed without objection, is not before the court.