## EDUCATIONAL CREDIT MANAGEMENT CORPORATION, Plaintiff,

v.

## David A. BARNES, and Nancy K. Barnes, Defendants.

### No. NA–00–0241–C–D/S.

United States District Court,
S.D. Indiana,
New Albany Division.

Feb. 26, 2001.

John S. Egan, Edward M. King, Frost, Brown, & Todd L.L.C., Louisville, KY.

Lloyd Koehler, Koehler Law Offices, New Albany, IN.

Jeffrey Hunter, Assistant United States Attorney, Office of the United States Attorney, Indianapolis, IN.

David C. Ollis, Attorney at Law, Seymour, IN.

## ENTRY

DILLIN, Senior District Judge.

This cause comes before the Court on Plaintiff Educational Credit Management Corporation's motion to alter or amend this Court's Entry and Order dated January 5, 2001. For the following reasons, Plaintiff's motion is granted.

### I. BACKGROUND

Defendant/debtors David A. Barnes and Nancy K. Barnes filed for Chapter 13 bankruptcy on November 15, 1999. Plaintiff Educational Credit Management Corporation ("ECMC") assumed all right, title and interest to David Barnes' student loan obligations on March 8, 2000.

ECMC then filed an unsecured proof of claim for $9,108.01—$7,713.93 in principal and interest on the two student loans and $1,394.08 in collection costs. ECMC based its collection costs on 34 C.F.R. § 682.410(b)(2), which requires ECMC to "charge a borrower an amount equal to reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim." Here, ECMC's collection charge amounted

to 18.06% of the principal and interest of David Barnes' student loans.

The Chapter 13 Trustee ("the Trustee") objected to ECMC's collection charge in the bankruptcy court. ECMC then sought to withdraw reference from the bankruptcy court so that this Court could address the Trustee's objections to ECMC's collection charges. We denied ECMC's motion on January 5, 2001. ECMC now asks this Court to alter or amend that Entry and Order.

## II. ANALYSIS

ECMC seeks review of two portions of the Court's Entry and Order: that mandatory withdrawal pursuant to 28 U.S.C. § 157(d) was not applicable and that the question of whether 11 U.S.C. § 506 disposed of this issue should be decided by the bankruptcy court.

 The standard applied in this circuit for mandatory withdrawal pursuant to 28 U.S.C. § 157(d) is discussed in *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir.1996). The Court must grant ECMC's motion if the issues "require the interpretation, as opposed to the mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Id.* at 954. The Court found that mandatory withdrawal was not required in this case because "[t]he real question is whether collection costs will be [disallowed] or whether the bankruptcy court will allow ECMC's claims." Entry and Order, January 5 at 10. ECMC argues that this is not the case, for the Trustee is challenging not only the reasonableness of ECMC's fee but that the regulation under which this fee was calculated, 34 C.F.R. § 682.410(b)(2), is arbitrary, capricious and manifestly contrary to 20 U.S.C. § 1091, the statute which enables agencies like ECMC to charge reasonable collection fees.

After reviewing ECMC's latest arguments, the Court must agree that 28 U.S.C. § 157(d) requires that the issue of whether 34 C.F.R. § 682.410(b)(2) is unconstitutional as applied in this case should be heard by this Court rather than the bankruptcy court. This conflict ultimately may be resolved by the bankruptcy court's allowance or disallowance of ECMC's collection charge. The triad of cases cited in the January 5, 2001 Entry and Order support that conclusion. However, the Trustee has done more than challenge the collection fee. He has disputed the constitutionality of 34 C.F.R. § 682.410(b)(2). Indeed, the bankruptcy court requested that the Department of Education submit an amicus curiae brief defending the constitutionality of the regulation after the Trustee indicated that he was challenging the regulation.

The Court does not pass on the wisdom of the Trustee's strategy. But the Court must hear the Trustee's challenge to the constitutionality of 34 C.F.R. § 682.410(b)(2) because it requires the interpretation of non-title 11 law—34 C.F.R. § 682.410(b)(2) and 20 U.S.C. § 1091. Accordingly, the order of reference to the United States Bankruptcy Court, Southern District of Indiana is withdrawn for the issue of whether 34 C.F.R. § 682.410(b)(2) is constitutional as applied to this case.

The Trustee argued in ECMC's original motion to withdraw reference that 11 U.S.C. § 506 may dispose of ECMC's collection charge, thereby mooting any question of the constitutionality of 34 C.F.R. § 682.410(b)(2). The Trustee based this argument on *In re Fears*, 247 B.R. 219 (Bankr.W.D.Ky.2000), a case which presented nearly identical facts to the case at bar and held that 11 U.S.C. § 506 barred the imposition of collection charges on unsecured student loans. The Court did not address this argument, however, finding that this issue entailed the interpretation of the bankruptcy code and thus fell within the province of the bankruptcy court.

ECMC again urges the Court not to consider 11 U.S.C. § 506 as a basis for denying its motion to alter or amend the January 5, 2001 Entry and Order. The Court agrees. The basis of the Trustee's argument has been eviscerated, for the bankruptcy court's decision in *In re Fears*, 247 B.R. 219, was recently reversed by in *In re Fears*, 258 B.R. 371 (W.D.Ky. 2001).

## III. CONCLUSION

The Court finds that the Trustee is in fact challenging the constitutionality of 34 C.F.R. § 682.410(b)(2). This challenge will require the interpretation of non-title 11 law. As such, 11 28 U.S.C. § 157(d) and *In re Vicars Ins. Agency, Inc.* compel the Court to withdraw the order of reference to the United States Bankruptcy Court, Southern District of Indiana so that we might resolve this issue.