**CITIZENS FEDERAL SAVINGS AND LOAN ASSOCIATION OF DAYTON, Plaintiff,**

v.

**Betty Joyce ROSE,**

**George W. Ledford, Standing Trustee, Defendants.**

Adv. No. 3–81–0607.
Bankruptcy No. 3–81–01910.

United States Bankruptcy Court, S. D. Ohio, W. D.

Nov. 3, 1981.

George Ledford, Englewood, Ohio, standing trustee.

Donald F. Harker, III, Dayton, Ohio, for debtor.

Beth W. Schaeffer, Dayton, Ohio, for plaintiff.

MEMORANDUM DECISION

CHARLES A. ANDERSON, Bankruptcy Judge.

FINDINGS OF FACT

Plaintiff, Citizens Federal Savings and Loan Association of Dayton (hereinafter

Citizens Federal), filed its complaint on 17 September 1981 against Debtor, Betty Joyce Rose, (hereinafter Rose) and George W. Ledford, Chapter 13 Standing Trustee, seeking relief from the automatic stay to permit foreclosure upon real estate owned by Rose. Citizens Federal in its complaint recited it "has elected, and does now elect, to declare the whole balance of principal and interest due and payable, as provided by said note and mortgage."

The Chapter 13 case was instituted by petition filed 9 July 1981. An order was duly entered on 17 August confirming without objections the Plan, which would pay all creditors 100% of their allowed claims. The Plan generally, in pertinent part, provides for payment of mortgage arrearages in the sum of $419.47 from estate funds, and payment of real estate mortgage installments accruing after filing outside of the Plan.

A proof of claim was filed by Citizens Federal on August 13, accepting the Plan "contingent on arrearage corrected to be $576.39," and showing a principal amount due in the sum of $8,639.79. The proof of claim also lists the "... fair market value of the property on which the claimant has a lien ..." as $13,775.00.

The mortgage loan was made on July 23, 1965, for $13,850.00 with interest from date at the rate of 5¼ percent, per annum, repayable in monthly installments of $72.17, and running until August 1, 1995.

On 14 August 1981 Rose made a payment of $129.00 to be applied on the post-petition mortgage installments. By letter, under date of August 18, 1981, the attorneys for Citizens Federal advised the attorney for Rose that the $129.00 had been "applied" and "... the total arrearage is $386.76. This assumes that Betty Joyce Rose will make her August payment, which is due no later than August 31, 1981.... We would also ask that you remind your client that if she fails to make her loan payments as agreed, that Citizens Federal will request the Plan to be dismissed and relief from stay granted."

Rose was of the belief that the payment made August 14 was the August install-ment, since arrearages were to be paid through the Plan; but, all subsequent tenders of payment were refused by Citizens Federal.

The payments to the Trustee are being made currently, but there is no allegation (or proof) that the mortgage is not more than adequately protected by its security.

## CONCLUSIONS OF LAW

█ Plaintiff in seeking relief from the stay asserts that "11 U.S.C. Section 1322(b)(2), does not permit a Plan to modify the rights of the holder of a secured claim, which is secured only by a security interest in real property that is the debtor's principal residence..." There is no allegation by Citizens Federal of inadequate protection in the security, and no mention or issue has been raised as to the 5¼ percent interest rate or the motivation for acceleration of the balance due.

Defendant denies that Section 1322(b)(2) is applicable on the facts, citing Section 1322(b)(3), permitting "the curing or waiving of any default."

The conclusion is obvious that the complaint must be dismissed. The evidence is clear that the payments to Citizens Federal are not in default through any blame of Rose.

█ Furthermore, if there is in reality any doubt or confusion created by the statutory sections cited, such a question cannot be raised at this late date. The only question now justiciable would be adequate protection to the mortgagee. The question of "modification" of the rights of the security interest in real estate should have been duly raised prior to the confirmation order, now *res judicata*. Furthermore, Citizens Federal, in fact, has already accepted the Plan and the modification, if any, is only contrived.

Furthermore, assuming, *arguendo*, a modification, we note that 11 U.S.C. § 1322(b)(5) alters the thrust of 11 U.S.C. § 1322(b)(2) ("not withstanding paragraph (2)...") and might even be the basis of a

genuine modification of rights, on equitable principles. Analysis of the full thrust of Section 1322, nevertheless, would be superfluous and not appropriate *instanter*.

ORDERED, ADJUDGED AND AGREED that Plaintiff is afforded adequate protection by the real estate mortgage and the confirmation of the Plan is no longer justiciable, except for fraud (11 U.S.C. § 1330).