**In re Sandra L. IVES, Debtor.**

**No. 01–01224–BHC–RJHB.**

United States Bankruptcy Court,
D. Arizona.

Feb. 18, 2003.

---

Gregory A. Ring, Esq., Bullhead City, AZ, for Debtor.

Scott A. Lieske, Esq., Phoenix, AZ, for Russell Brown, Trustee.

Leonard J. McDonald, Jr., Esq., Tiffany & Bosco, P.A., Phoenix, AZ, for Irwin Home Equity.

OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

May a Chapter 13 reorganization plan provide for modification of a partially-secured primary residence mortgage based on the value of the home, if the mortgagee fails to object prior to the deadline for objections? This Court concludes such a provision is improper regardless of the untimeliness of the creditor's objection, provided that the objection is raised prior to confirmation of the plan.

### Factual Background

Irwin Home Equity ("Creditor") holds a partially-secured second lien on the primary residence of Sandra L. Ives ("Debtor"). The total debt on the second lien is approximately $60,000. Debtor provided for $30,000 to be paid as a secured claim through a proposed chapter 13 plan ("Plan"), with the remainder to be treated as a general unsecured claim. Objections to the Plan were due on April 8, 2002, but Creditor did not object to the plan until September 16, 2002. The Plan is not yet confirmed. Creditor has filed a Motion for Relief from Stay, arguing that the Plan is unconfirmable because it modifies a claim that is at least partly secured solely by Debtor's primary residence, in violation of 11 U.S.C. § 1322(b)(2).[1]

Debtor argues that the treatment of Creditor is *res judicata,* based on *Citizens Fed. Sav. & Loan Ass'n of Dayton v. Rose,* 15 B.R. 164 (Bankr.S.D.Ohio 1981), and *In re Steele,* 182 B.R. 284 (Bankr.W.D.Okla. 1995). Debtor maintains that a plan can contain a partial stripdown of a home mortgage in violation of § 1322(b)(2) if the

---

1. Except as otherwise noted, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and all rule references are to the United States Rules of Bankruptcy Procedure.

creditor fails to object in a timely fashion, and points out that the only difference between this case and the cited cases is that here, the plan has not yet been confirmed, but the objection deadline was missed. Debtor further argues that the treatment of Creditor is *res judicata* per § 102(1) because Creditor was provided with the opportunity to object but failed to do so in a timely manner.

Creditor argues that the only recognized exception to the § 1322(b)(2) protection of home mortgagee's rights is where the mortgage is wholly unsecured, based on *Lam v. Investor's Thrift (In re Lam)*, 211 B.R. 36 (9th Cir. BAP 1997). Creditor urges that *Lam* is inapplicable in the present case because there is $30,000 of value in the residence securing the second mortgage.

### Analysis

### There is no res judicata effect of the Plan pre-confirmation

 Debtor notes that the cases in which creditors were denied relief from plans containing stripdowns of junior home mortgages differ only in that the cited cases were post-confirmation, while this case is pre-confirmation. This perspective underestimates the significance of that difference. The *res judicata* effect of a plan rests on its pre– or post-confirmation status. For an issue to be *res judicata*, there must be a final order. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir.2002) (relying on *Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). In a bankruptcy case, this means that a § 506(a) valuation is not *res judicata* until an order of confirmation based on the § 506(a) valuation is final. *Gold Coast Asset Acquisition, L.P. v. 1441 Veteran St. Co. (In re 1441 Veteran St. Co.)*, 144 F.3d 1288, 1291–92 (9th Cir.1998). This Court, in *In re Webber*, 251 B.R. 554 (Bankr.

D.Ariz.2000), reiterated the *res judicata* effect of a *confirmed* plan, and warned student loan agencies to affirmatively object pre-confirmation, before the issue became *res judicata*. *Id.* at 556. But here there has been no order of confirmation, and therefore no *res judicata* effect.

Debtor also urges that § 102(1) establishes *res judicata*. Debtor presumably relies on § 102(1)(B)(1), which defines the term "after notice and a hearing" to authorize an act without a hearing if proper notice is given and no request for a hearing is timely made. § 102(1)(B)(1). Once the time for an objection or a request for hearing had passed, the Court could have confirmed the Plan without an actual hearing. If so, the order of confirmation would have made the plan provision *res judicata*.

 But while § 102 permits entry of an order without a hearing, it does not substitute for an order, or make confirmation self-effectuating. Rather, the effect of the missed deadline depends on whether the issue is one the Court may address even in the absence of an objection.

### The Court has reason to address plan validity independent of the lateness of objection

 The manner in which the Plan's violation of § 1322 was brought to the Court's attention is irrelevant because the Court has a responsibility to ensure plan compliance with the Bankruptcy Code even in the absence of objection. *Everett v. Perez (In re Perez)*, 30 F.3d 1209, 1213–14 & n. 5 (9th Cir.1994) ("The burden of proposing a plan that satisfies the requirements of the Code always falls on the party proposing it," and "by seeking confirmation" the plan proponent "placed squarely before the bankruptcy court the plan's compliance with applicable sections of the Code.") (chapter 11 case). The

Court is not precluded from considering evidence presented by the parties prior to the confirmation hearing. *Acequia, Inc. v. Clinton (In re Acequia)*, 787 F.2d 1352, 1358–59 (9th Cir.1986). The Court may issue any order necessary to carry out the provisions of Title 11. § 105(a). Thus, the Court may address plan validity regardless of Creditor's objection, timely or not.

### The Court has reason to deny confirmation of the Plan

■ A court must confirm a plan when all the statutory requirements are met. § 1325(a). Debtor appears to rely on the § 1325(a)(5)(B) cramdown provision. But even if the Plan meets the § 1325(a)(5)(B) requirement, it also must satisfy § 1325(a)(1)—the Plan must comply with the provisions of Chapter 13. Modification of the rights of holders of secured claims, in which the only security is the residence of the Debtor, is generally not allowed in a Chapter 13 plan. § 1322(b)(2). The exception is where the mortgage is wholly unsecured. *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir.2002). In *Zimmer*, the Ninth Circuit Court of Appeals held that § 1322(b)(2) protection is only available to holders of secured claims, and that holders of wholly unsecured mortgages are not holders of secured claims per § 506(a). *Id.* at 1223–27 (citing *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), and citing and confirming *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (1997)). According to *Nobelman*, the process involves evaluating the status of a claim according to § 506(a), and then, for those claims that are secured, applying § 1322(b)(2) to both the secured and unsecured components of a mortgage claim to protect the *rights of the holders* of secured claims. *Nobelman*, 508 U.S. at 329–331, 113 S.Ct. 2106. If any portion of the mortgage claim is secured, § 1322(b)(2)

protection will apply. *Id.* at 332, 113 S.Ct. 2106. In the present case, Creditor's lien has a secured component of $30,000. Creditor therefore has a secured claim according to § 506(a), secured only by an interest in Debtor's residence, so Creditor is entitled to § 1322(b)(2) protection. The Plan violates § 1322(b) and hence is not entitled to confirmation per § 1325(a), regardless of objection.

### Conclusion

■ Like the attempt to discharge the student loan in *Webber, supra*, a plan provision seeking to modify an undersecured, but not wholly unsecured, mortgage on a principal residence is not permissible. Absent good faith factual or legal argument to the contrary, such provisions may violate Rule 9011. Chapter 13 debtors may not set such traps for the unwary.

■ This is not true for all confirmation requirements, because some are expressly conditioned upon objection. For example, it is not improper for a Chapter 13 debtor to propose a plan that does not devote all disposable income to the plan, because § 1325(b) conditions that requirement upon an objection. Nor is it improper, contrary to the suggestion in *Perez*, 30 F.3d at 1218–19, for a Chapter 11 debtor to *propose* a plan that "violates" the absolute priority rule, because application of the rule is expressly conditioned upon an impaired class rejecting the plan. But the requirements of §§ 1322(b)(2) and 1325(a)(1) are not of this type, because their application is not conditioned upon objection by a creditor, but are absolute in their terms.

Debtor's counsel is directed to file, within thirty days, an amended plan that eliminates the provision attempting to strip down Creditor's mortgage. Failing timely submission of an amended plan, Creditor's

counsel may lodge an order granting relief from the automatic stay.